# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case Number: 3:12MJ00138-001 |
| CASEY J. KRUISE,<br>Defendant. | USM Number: 80349-083 |
| | Defendant's Attorney: Elizabeth W. Hanes, Esq. |

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Amended Criminal Information.

Accordingly, the defendant is adjudged guilty of the following count involving the indicated offense.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. 13, assimilating the 1950 Code of Virginia, as amended, Sections 18.2-266ii and 18.2-270(B)(2) | Operate a Motor Vehicle Under the Influence of Alcohol, Second Offense in Ten Years | Misdemeanor | March 31, 2012 | 1 |

As pronounced on June 22nd, 2012, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

6/22/2012
Date of Imposition of Judgment

/s/ David J. Novak
David J. Novak
United States Magistrate Judge

June 22, 2012

Case Number: 3:12MJ00138-001
Defendant's Name: KRUISE, CASEY J.

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of NINETY (90) DAYS. The defendant shall receive credit for time served on this charge.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to_____

at_____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By

_____
DEPUTY UNITED STATES MARSHAL

Case Number: 3:12MJ00138-001
Defendant's Name: KRUISE, CASEY J.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ONE (1) YEAR.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.
The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.
The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number: 3:12MJ00138-001
Defendant's Name: KRUISE, CASEY J.

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall provide the probation officer with access to requested financial information.

2) As directed by the probation officer, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

3) The defendant shall participate in a program approved by the Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer.

    As part of the substance abuse testing program, the defendant shall participate in a self-help program such as Narcotics Anonymous/Alcohol Anonymous, or other similar secular program, all as directed by the probation officer.

4) The defendant's operator's license is suspended for a period of ONE (1) YEAR, with the potential for a 12-month restricted license.

5) If defendant is granted a restricted license, Ignition Interlock shall be installed on the defendant's vehicle at his own expense, for the duration of the supervision period.

6) The defendant shall enroll in and successfully complete a Virginia Alcohol and Safety Action Program at his own expense, as directed by the probation officer.

7) The defendant is to abstain from drinking alcohol during the period of supervision.

8) The defendant shall pay the balance owed on any court-ordered financial obligations on a schedule to be determined by the probation officer.

| | |
|---|---|
| **Case Number:** | 3:12MJ00138-001 |
| **Defendant's Name:** | KRUISE, CASEY J. |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Count | Assessment | Fine | Restitution |
|---|---|---|---|---|
| | 1 | $25.00 | $500.00 | $0.00 |
| **TOTALS:** | | $25.00 | $500.00 | $0.00 |

## FINES

The defendant shall pay a fine of $500.00 as to Count 1.

Case Number: 3:12MJ00138-001
Defendant's Name: KRUISE, CASEY J.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment and fine shall be due in full immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.